1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Ray E. Hoffman and Patricia L. Hoffman, husband and wife,<br><br>            *Plaintiffs*,<br><br>        vs.<br><br>PennyMac Holdings LLC, Homecomings Financial Network, Inc. and all other persons or entities unknown claiming any right, title, or interest in the property described in Complaint,<br>            *Defendants*. | Case No.: 2:17-cv-01062-JLR<br><br>[Removal from Superior Court for the State of Washington, County of Whatcom, Case No. 17-2-01094-1]<br><br>**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: QUIET TITLE**<br><br>**NOTE FOR MOTION CALENDAR: NOVEMBER 30, 2018** |

COME NOW Plaintiffs Ray E. Hoffman and Patricia L. Hoffman, husband and wife, by and through their undersigned attorney Steven C. Hathaway and move this court for an Order of Summary Judgment against Defendant PennyMac Holdings LLC ("PennyMac") as successor in interest to Homecomings Financial Network, Inc. on the basis it failed to bring an action to enforce the obligation under the first position deed of trust within the six-year limitations period under Washington law and the first position deed of trust is unenforceable as it was split from the promissory note.

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

1

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

This motion is made pursuant to Fed. R. Civ. P. 56 and based on the ground that no genuine issue of material fact exists on the Plaintiffs' quiet title claim and they are entitled to judgment against Defendant PennyMac as a matter of law.

## I. FACTS

1. Plaintiffs are the fee owners of real property commonly known as 5612 Sandpiper Lane, Blaine, Washington 98230 which is legally described as:

> LOT 10, PLAT OF PRESTWICK VILLAGE, ACCORDING TO THE PLAT THEREOF, RECORDED INTO LUME 16 OF PLATS, PAGES 46 AND 47, UNDER RECORDING NO. 891012021, RECORDS OF WHATCOM COUNTY, WASHINGTON.
>
> ASSESSOR'S PARCEL NO. 4051141063660000.
>
> (hereinafter "5612 Sandpiper Lane").[1]

2. On April 7, 2006 the Plaintiffs borrowed $568,000 from Homecomings Financial Network, Inc. pursuant to a Note wherein Homecomings Financial Network, Inc. is the lender and payee of the Note.[2] On information and belief the Note was bundled with other notes and sold to a mortgage loan asset-backed trust.

3. The $568,000 Note called for monthly payments of $4,216.14 including principal, interest, taxes and insurance. The first installment was due on June 1, 2006. The remaining installments were due on the first day of each month thereafter. The $568,000 Note's maturity date was May 1, 2036 when the last payment was due. Exhibit 1.

4. As security for the Note the Plaintiffs granted a first position deed of trust against 5612 Sandpiper Lane. The first position deed of trust does not name Homecomings Financial Network, Inc. as the beneficiary. It names Mortgage Electronic Registration System (MERS)[3] as the beneficiary acting solely as a nominee for Homecomings Financial Network, Inc. The first

---

[1] Ray E. Hoffman Declaration filed herewith at ¶ 3 (Hoffman Declaration).
[2] A copy of the Note is attached as Exhibit 1 and incorporated herein by this reference.
[3] The deed of trust identifies MERS as a Delaware corporation with an address and telephone number in Flint, Michigan.

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

2

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

position deed of trust was recorded April 14, 2006 under the Whatcom County Auditor's recording number 2060402171.[4]

5. The Note does not make any reference to MERS. The Note and the deed of trust both require payments to be made to Homecomings Financial Network, Inc., not MERS.

7. On July 17, 2009 BAC Home Loans Servicing, LP (hereinafter "BAC") sent Plaintiffs a Notice of Intention to Accelerate advising them the Note was in default. The notice states BAC services the loan on behalf of the holder of the promissory note and "[i]f the default is not cured on or before August 16, 2009, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time."[5]

8. The Plaintiffs never cured the default and BAC never initiated foreclosure proceedings.

9. The Plaintiffs made monthly payments on the $568,000 loan through May, 2009. The Plaintiffs did not make the June 1, 2009 payment or any other payment since then.[6]

10. On September 6, 2009 the Plaintiffs filed for chapter 7 bankruptcy relief in the Western District of Washington, case No. 09-19194. The obligation secured by the first position deed of trust is listed on the Plaintiffs' bankruptcy schedules.[7]

11. On September 30, 2009 BAC brought a motion for relief from stay in the Plaintiffs bankruptcy. The motion states that "[f]oreclosure is pending but on information and belief the sale date has not yet been set."[8] BAC filed an affidavit in support of the motion for relief from stay which states it has possession of the original Note indorsed in blank.[9] The first page of the

---

[4] A copy of the deed of trust is attached as Exhibit 2 and incorporated herein by this reference.
[5] A copy of the Notice of Intent to Accelerate is attached as Exhibit 3 and incorporated herein by this reference.
[6] Hoffman Declaration, ¶ 17.
[7] Filing No. 2-5 at CM/ECF.
[8] A copy of the Notice and Motion for Relief from Stay is attached as Exhibit 4 and incorporated herein by this reference.
[9] A copy of the Affidavit in Support of Motion for Relief from Stay is attached as Exhibit 5 and incorporated herein by this reference.

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

3

Note has a stamp in the upper left hand corner certifying it is a true and exact copy of the original instrument. The affidavit states a true and correct copy of the indorsed Note is attached as Exhibit A. The affidavit states a true and correct copy of the deed of trust is attached as Exhibit B. The Note is indorsed in blank by a "Debra Eshelman, Assistant Secretary Homecomings Financial Network, Inc."

12. On January 6, 2010 the Plaintiffs received an order granting them a discharge of their debts under 11 U.S.C. §727.[10] The Plaintiffs' personal obligation on the $568,000 Note was discharged in their bankruptcy.

13. The Plaintiffs did not reaffirm the $568,000 Note secured by the first position deed of trust.[11] The U.S. Bankruptcy Code[12] precludes reaffirmation agreements that are not made and filed with the bankruptcy court before the discharge is entered. Post-bankruptcy reaffirmation of a debt is not possible. 11 U.S.C. § 524(c).

14. On July 6, 2011 Bank of America Home Loans sent the Plaintiffs a letter advising them the servicing of the Note would transfer from BAC to its parent company Bank of America, N.A. effective July 1, 2011. The letter states that Bank of America, N.A. does not own the loan. Page 3, paragraph 2(b) of the letter identifies the creditor to whom the debt is owed as "CIG – RESI HFl 1ST LIEN MORT".[13]

15. On information and belief CIG – RESI HFl 1ST LIEN MORT is a mortgage backed security trust.

---

[10] A copy of Plaintiffs' Order of Discharge from their 2009 bankruptcy attached as Exhibit 6 and incorporated herein by this reference.
[11] Hoffman Declaration, ¶ 20.
[12] Unless otherwise indicated, all references to the "Bankruptcy Code" or to specific sections are to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8 ("BAPCPA").
[13] A copy of the letter dated July 6, 2011 is attached hereto as Exhibit 7 and incorporated herein by this reference.

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

4

16. On June 25, 2011 MERS purportedly assigned its interest in the deed of trust and the promissory note to Bank of America, N.A. by assignment recorded July 6, 2011 under the Whatcom County Auditor's recording number 2110700193.[14]

17. On September 22, 2016 Bank of America, N.A. purportedly assigned its interest in the deed of trust to PennyMac, LLC by assignment recorded September 27, 2016 under Whatcom County Auditor's recording number 2016-0903246.[15] The assignment states that Bank of America, N.A. "assigns and transfers to PENNYMAC HOLDINGS, LLC . . . all its right, title and interest in and to said Deed of Trust in the amount of $568,000" dated April 7, 2006. The assignment is signed by PennyMac on behalf of Bank of America, N.A., as "its attorney in fact" as an "accommodation."

18. Plaintiffs served comprehensive discovery requests on Defendant PennyMac. In response to the discovery requests PennyMac provided several copies of the $568,000 Note. One copy (pages 48 - 56 of an apparent 58 page fax dated February 22, 2012) includes an endorsement of the $568,000 Note to Residential Funding Corporation.[16] Page 1 of the fax identifies the Chl (Countrywide Home Loans) loan number as 22417729 and the Seller Loan number as 7428043327. Pages 1 through 47 and pages 57-58 of the fax were not provided in response to Plaintiffs' discovery requests. Page 1 of the $568,000 Note provided by PennyMac in response to discovery does not include the certification included on the top left hand side of page 1 of the Note filed in the Plaintiffs' bankruptcy (See Exhibit 5). The "Without Recourse Pay to the Order of" stamp signed by Debra Eshelman is different and off-kilter from that of the Note filed in Plaintiffs' bankruptcy that was certified as an exact copy of the original. Page 8 of

---

[14] A copy of the Notice of Assignment dated June 25, 2011 is attached as Exhibit 8 and incorporated herein by this reference.
[15] A copy of the Notice of Assignment dated September 22, 2016 is attached as Exhibit 9 and incorporated herein by this reference.
[16] A copy of this Note is attached as Exhibit 10 and incorporated herein by this reference.

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

5

the fax identifies the seller of the loan as GMAC. The purported Allonge is not signed by GMAC but rather by a "Limited Signing Officer" for Residential Funding Company, LLC fka Residential Funding Corporation.

19. On June 17, 2013 Bank of America sent the Plaintiffs a letter identifying Bank of America, N.A. as the Noteholder.[17]

20. On October 4, 2013 PennyMac sent the Plaintiffs a Notice of Pre-Foreclosure Options identifying PennyMac Holdings, LLC as the Beneficiary and PennyMac Loan Services, LLC as the Beneficiary's Authorized Agent.[18]

21. The 5612 Sandpiper Lane property is subject to homeowner assessments ("HOA dues") payable to Semiahmoo Resort Association ("SRA") in the amount of $680 annually. The Plaintiffs have not paid SRA the required assessments since July 1, 2009.[19]

22. The 5612 Sandpiper Lane property is also subject to HOA dues payable to Prestwick Village Homeowners Association ("PVA") in the amount of $335 annually. The Plaintiffs have not paid PVA the required assessments since July 1, 2009.[20]

23. On January 10, 2010 SRA filed a lien against the 5612 Sandpiper Lane home for failure to pay required assessments.[21]

24. On December 28, 2010 PVA filed a lien against the Plaintiffs and 5612 Sandpiper Lane home for failure to pay required assessments.[22] The amount Plaintiffs owe to the PVA, exclusive of attorney fees and costs, was $4,050.43 as of July 19, 2016.[23] At 12% interest the

---

[17] A copy of that letter is attached as Exhibit 11 and incorporated herein by this reference.
[18] A copy of that letter is attached as Exhibit 12 and incorporated herein by this reference.
[19] Hoffman Declaration, ¶ 21.
[20] Hoffman Declaration, ¶ 22.
[21] Hoffman Declaration, ¶ 23.
[22] A copy of the PVA lien is attached as Exhibit 12 and incorporated herein by this reference.
[23] A copy of an email from the PVA secretary is attached as Exhibit 13 and incorporated herein by this reference.

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

6

balance the Plaintiffs now owe PVA is about $5,200. That amount continues to accrue assessments, interest, and late fees.[24]

25. On June 23, 2017 SRA obtained a judgment against the Plaintiffs personally in the total amount of $14,795.85.[25] At 12% interest the balance the Plaintiffs now owe SRA is about $16,200. That amount continues to accrue assessments, interest, and late fees.

26. Since the Plaintiffs' bankruptcy filing (now over 9 years ago) they have remained personally responsible for the 5612 Sandpiper Lane property including, but not limited to the SRA HOA dues in the current amount of $16,200 and the PVA dues in the current amount of $5,200, both of which continue to accrue assessments, interest, and late fees. The Plaintiffs have paid over $5,000 to the City of Blaine for water service to avoid having another lawsuit filed against them. Their realtor Chuck Occhiogrosso have submitted 13 short-sale offers to the bank from interested parties to purchase the property on the home over the years which have all been refused. The Plaintiff/husband is in very poor health and the beneficiary's refusal to accept a short-sale or foreclose has negatively affected his physical and emotional health not to mention that of his wife. Over the past 9 years the Plaintiffs have paid over $20,000 in attorney fees and costs associated with trying to resolve this matter and now owe much more.[26]

27. The Plaintiffs have tried everything possible over the past 9 years to sell this property while waiting for the beneficiary to foreclose and take the property back. Shortly after their bankruptcy discharge, on February 21, 2010 the Plaintiffs sent Bank of America a letter advising it they could not afford to continue making the payments on this property and offered to deed the

---

[24] Hoffman Declaration, ¶ 24.
[25] Hoffman Declaration, ¶ 33. A copy of the judgment is attached as Exhibit 14 and incorporated herein by this reference.
[26] Hoffman Declaration, ¶ 34. See also Declaration of Chuck Occhiogrosso filed in support of this motion.

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

7

property back at that time. The bank refused. The beneficiary has never foreclosed the deed of trust.[27]

28. The holder of the first position deed of trust failed to bring an action to enforce the obligation within the six-year limitations period under Washington law.

29. On June 2, 2017 the Plaintiffs filed a complaint to quiet title in 5612 Sandpiper Lane, Blaine, Washington against PennyMac, LLC, Homecomings Financial Network, Inc., and all other persons or entities unknown claiming any right, title, or interest in the property described in the complaint in Whatcom County Superior Court.[28]

30. On June 16, 2017 PennyMac was served with a copy of the summons and complaint.

31. PennyMac filed this removal within 30 days after it was served with a copy of the complaint and less than 1 year after the commencement of the action.

## II. ISSUES

1. Whether Plaintiffs are entitled to quite title against the lien of Defendant PennyMac's deed of trust pursuant to RCW 7.28.300.

2. Whether the Plaintiffs are entitled to an award of reasonable attorney fees pursuant to RCW 4.84.330.

## III. EVIDENCE RELIED UPON

1. The records, files, pleadings, and documents filed herein;

2. The Declaration of Plaintiff Ray Hoffman.

3. The Declaration of Chuck Occhiogrosso.

---

[27] Hoffman Declaration, ¶ 36. A copy of the letter is attached as Exhibit 1 to Plaintiffs' declaration in support of this motion.
[28] Filing No. 1-1 at CM/ECF page 4-8.

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

8

# IV. ARGUMENT AND AUTHORITIES

A. Summary Judgment Standard.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there are no genuine issues as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Addisu v. Fred Meyer. Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). A party may seek summary judgment with respect to all or any part of a claim. Fed. R. Civ. P. 56(a)-(b). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome are irrelevant to the consideration of a motion for summary judgment. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." Triton Energy, 68 F.3d at 1220.

B. Federal Court Bound to Apply State Law .

As a federal court sitting in diversity, the Court is bound to apply state law. *See* State Farm Fire and Casualty Co. v. Smith, 907 F.2d 900, 901 (9th Cir. 1990). The court must apply Washington law as it believes the Washington Supreme Court would apply it. *See* Gravquick A/S v. Trimble Navigation Intern. Ltd., 323 F.3d 1219, 1222 (9th Cir. 2003). "[W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

9

obligated to follow the decisions of the state's intermediate appellate courts." <u>Vestar Dev. 11, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir. 2001)</u> (*quoting* Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996)).

C. <u>Washington's</u> <u>Foreclosure Fairness Act</u>.

      Washington's Foreclosure Fairness Act ("FFA") codified in chapter 61.24 RCW sets out in great detail the procedures that must be followed to properly foreclose a debt secured by a deed of trust. <u>RCW 61.24 et seq</u>.

      Because of the relative ease with which lenders can forfeit borrowers' interests and the lack of judicial oversight in conducting nonjudicial foreclosure sales, lenders must strictly comply with the foreclosure statutes, and courts must strictly construe the statutes in the borrower's favor. <u>Udall v. T.D. Escrow Servs., Inc., 159 Wn.2d 903 (Wash. 2007)</u>; <u>Amresco Independence Funding, Inc. v. SPS Properties, LLC, 129 Wn.App. 532 (2005)</u>.

      Washington's deed of trust act should be construed to further three basic objectives: (1) that the nonjudicial foreclosure process should be efficient and inexpensive; (2) that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure; and (3) that the process should promote stability of land titles. <u>Cox v. Helenius, 103 Wash.2d 383, 387 (Wash. 1985)</u>.

      (1) <u>The foreclosure process should be efficient and inexpensive</u>. The beneficiary of the deed of trust has not strictly complied with the foreclosure statutes and certainly not in a manner that has furthered Washington's deed of trust act's three basic objectives. Letting this matter languish for over 9 years has been anything but efficient and inexpensive. Over the past 9+ years the Plaintiffs have remained personally responsible for the 5612 Sandpiper Lane property including, but not limited to the SRA HOA dues in the current amount of $16,200 and the PVA

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

10

dues in the current amount of $5,200, both of which continue to accrue assessments, interest, and late fees. The Plaintiffs have paid over $5,000 to the City of Blaine for water service to avoid having another lawsuit filed against them. Over the years the Plaintiffs' realtor has submitted 13 short-sale offers to the various servicers from parties interested in purchasing the home. All except one have been refused. Mr. Hoffman is in very poor health and the beneficiary's refusal to accept a short-sale or foreclose has negatively affected his physical and emotional health not to mention that of Mrs. Hoffman. They have paid over $20,000 in attorney fees and costs associated with trying to resolve this matter and now owe much more.

(2) <u>Adequate opportunity to prevent wrongful foreclosure and stability of land titles</u>. In this case, it has been difficult, if not impossible, to identify the holder of Note or the beneficiary under the deed of trust at any given time. First Homecomings was the payee and holder of the Note. Homecomings apparently indorsed the Note in blank. Then BAC claimed to be the holder. Then on July 6, 2011 Bank of America Home Loans advised the Plaintiffs CIG – RESI HFl 1ST LIEN MORT was the payee. Then PennyMac produced a Note in response to discovery that is endorsed to Residential Funding Corporation. Careful inspection of the endorsement on each note shows it is a different endorsement stamp from that BAC produced in the Plaintiffs' bankruptcy. No documentation was provided in response to Plaintiffs' comprehensive discovery requests explaining the discrepancy. Then Residential Funding Corporation allegedly indorsed the Note in blank with an Allonge. The problem with this is the document provided identifies the seller of the loan as GMAC but the Allonge is not signed by GMAC. The Allonge is signed by a "Limited Signing Officer" for Residential Funding Company, LLC fka Residential Funding Corporation. These discrepancies raise serious concerns regarding possible errors in the chain of title and misrepresentation on the part of PennyMac.

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

11

It makes no sense whatsoever why the beneficiary of the deed of trust would not foreclose over the past 9 years unless there were not problems with holder status and the right to enforce the Note and deed of trust.

Over the past 9 years the Plaintiffs' realtor has submitted 13 offers to purchase the home. The home is literally falling apart. It has been steadily decreasing in value yet PennyMac has refused to accept reasonable offers or foreclose all the while leaving the Plaintiffs holding the bag. It doesn't appear PennyMac has the authority to negotiate a short sale.

The way this has been handled by PennyMac is inconsistent with the second objective and third objective of the deed of trust act "that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure" and "the process should promote stability of land titles.

D. Must be Entitled to Enforce the Note or Pursue Remedies.

The transfer of mortgage backed securities is governed by the Uniform Commercial Code ("UCC"). Bain v. Metropolitan Mortg. Group, Inc., 175 Wn.2d 83 (2012). A party seeking to enforce or pursue remedies related to a secured obligation must be entitled to enforce the note as defined by the UCC. Id.

The UCC provides the "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument. RCW 62A.3-301.

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

12

PennyMac did not provide documentation in response to Plaintiffs' discovery requests that show who the current holder of the Note is. Without holder status and the attendant presumption of a right to enforce, the possessor of the note must demonstrate both the fact of the delivery and the purpose of the delivery of the note to the transferee in order to qualify as the "person entitled to enforce." In re Veal, 450 B.R. 897 (9th Cir. BAP 2011).

Under the FFA only a trustee, beneficiary, or authorized agent may issue a notice of default. RCW 61.24.031(1)(a).

1. Trustee. No trustee has been appointed in this case or issued a notice of default.

2. Beneficiary. "Beneficiary" means the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation. RCW 61.24.005(2).

Under Washington law MERS "is an ineligible 'beneficiary'" within the Deeds of Trust Act" if it never held the promissory note or other debt instrument secured by the deed of trust." Bain, 175 Wn.2d at 109.

PennyMac did not provide any competent evidence in response to Plaintiffs' discovery requests regarding the holder of the Note. What was provided was contradictory at best.

The affidavit filed in support of BAC's motion for relief from stay in the Plaintiffs bankruptcy proceeding states it has possession of the original Note indorsed in blank. The first page of the Note attached to the affidavit has a stamp certifying it is a true and exact copy of the original instrument. The Note is indorsed in blank by a Debra Eshelman, Assistant Secretary Homecomings Financial Network, Inc.

Then on July 6, 2011 Bank of America advised the Plaintiffs it did not own the loan but that CIG – RESI HFl 1ST LIEN MORT was the creditor to whom the debt was owed. That

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

13

creditor appears to be a mortgage backed security trust. If the $568,000 Note was pooled with other notes and sold as a mortgage backed security then BAC and PennyMac were not holders entitled to beneficiary status under the FFA.

Then, on June 26, 2018 in response to comprehensive discovery requests on PennyMac provided Plaintiffs with a Note that is different from the Note Bank of America filed in the Plaintiffs' bankruptcy. There is no certification on page 1 of the Note provided in response to discovery. The "Without Recourse Pay to the Order of" stamp signed by Debra Eshelman on page 3 of the Note is off-kilter from the stamp on page 3 of the Note filed in Plaintiffs' 2009 bankruptcy that was certified as an exact copy of the original. The Note filed in the 2009 bankruptcy is endorsed in blank whereas the Note provided in response to discovery has a header line dated 2/22/2012 and is endorsed to Residential Funding Corporation. Careful inspection of the endorsement on each note shows they are different endorsement stamps. The endorsement on the certified original Note filed in the Plaintiffs bankruptcy in September 2009 is different from the endorsement provided in response to discovery that indicates the Note was endorsed to Residential Funding Corporation. No documentation was provided in response to Plaintiffs' comprehensive discovery requests that explains why there are two different notes.

Further, the Note with the 2/22/2012 header that PennyMac provided in response to Plaintiffs' discovery requests identifies the seller of the loan as GMAC but the Allonge is not signed by GMAC. It is signed by a "Limited Signing Officer" for Residential Funding Company, LLC fka Residential Funding Corporation.

'A court of equity will refuse relief after inexcusable delay because of the difficulty, if not the impossibility, of arriving at a safe and certain conclusion as to the truth of the matters in controversy and doing justice between the parties, where the evidence has been lost or become

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

14

obscured through the loss of documents, or through death or disappearance of one or more of the participants in the transaction in suit or of the witnesses thereto, or through impairment of the memory of participants or witnesses still living. While the rule requires for its support no element of estoppel, but is founded on public policy, the fact that the delay has tended to defeat defendant's power to prove his right is an additional reason for its application.' <u>Gillons v. Shell Co. of California, 86 F.2d 600 (9th Cir. 1936)</u>

Finally, the assignment dated June 25, 2011 purports to transfer to Bank of America all of MERS beneficial interest under "that certain Deed of Trust described" therein "together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust."

It does not make sense that MERS would transfer the deed of trust and note to Bank of America when BAC was the holder of the note in 2009 and the security follows the obligation under Washington law. Under Washington law MERS was not a lawful beneficiary with the power to assign the deed of trust because it did not hold the promissory note secured by the deed of trust June 25, 2011. The assignment also does not square with the letter of July 6, 2011 wherein Bank of America advised that CIG – RESI HFl 1ST LIEN MORT was the creditor to whom the debt was owed.

3. <u>Agency</u>. An agency relationship results from the manifestation of consent by one person that another shall act on his behalf and subject to his control, with a correlative manifestation of consent by the other party to act on his behalf and subject to his control. <u>Moss v. Vadman, 77 Wash.2d 396, 402-03 (1970) (citing Matsumura v. Eilert, 74 Wash.2d 362, 444 P.2d 806 (1968))</u>. A prerequisite of an agency is control of the agent by the principal. Id. at 402.

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

15

PennyMac provided no documentation in response to discovery regarding its status as an agent for the holder of the Note.

D. Note has been Split from the Deed of Trust.

A general axiom of mortgage law is that obligation and mortgage cannot be split, meaning that the person who can foreclose the mortgage must be the one to whom the obligation is due. Bain, 175 Wn.2d at 97 (citing 18 William B. Stoebuck & John W. Weaver, Washington Practice: Real Estate: Transactions § 18.18, at 334 (2d ed. 2004)).

The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity. Carpenter v. Longan, 83 U.S. 271, 274-75, 16 Wall. 271, 21 L.Ed. 313 (1872).

Washington's deed of trust act contemplates that the security instrument will follow the note, not the other way around. Bain, 175 Wn.2d at 104.

The assignment dated September 22, 2016 purports to transfer all of Bank of America, N.A.'s "right, title and interest in and to said Deed of Trust in the amount of $568,000" dated April 7, 2006 to PennyMac. The assignment is signed by PennyMac on behalf of Bank of America, N.A., as "its attorney in fact" as an "accommodation." PennyMac provided no documents in its discovery responses establishing it is Bank of America, N.A.'s attorney in fact.

This September 22, 2016 assignment of the deed of trust without the promissory note is evidence the security agreement was split from the obligation making the deed of trust unenforceable. The letter of July 6, 2011 that Bank of America sent the Plaintiffs identifying "CIG – RESI HFl 1ST LIEN MORT" as the creditor is further evidence the security agreement has been split from the obligation.

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

16

Homecomings, MERS and their successors and assigns have split the deed of trust from its obligation making the deed of trust unenforceable.

E. The Statute of Limitations has Run on Enforcement of the Deeds of Trust.

Under Washington law, as an agreement in writing, a deed of trust foreclosure remedy is subject to a six-year statute of limitations. RCW 4.16.040; Westar Funding v. Sorrels, 157 Wn. App. 777, 784 (2010); 18 William B. Stoebuck & John W. Weaver, Washington Practice: Real Estate Transactions § 18.34, at 369 (2nd ed. 2004).

For contracts payable on demand the statute of limitation accrues when it is executed. For installment contracts, "the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." Herzoq v. Herzog, 23 Wn.2d 382, 388 (1945); 25 David K. Dewolf, Keller W. Allen & Darlene Barrier Caruso, Washington Practice: Contract Law and Practice § 16:20, at 196 (2012-13 Supp.).

The Washington State Court of Appeals and the U.S. District Court for Western Washington have determined that the statute of limitations on a deed of trust securing an installment note begins to run when the last installment payment was due prior to the debtor's bankruptcy discharge of the debt. Edmundson v. Bank of America, NA, 194 Wn.App. 920 (Wash.App. Div. 1 2016); Silvers v. U.S. Bank Nat. Ass'n, 2015 WL 5024173, at *4 (W.D. Wash. Aug. 25, 2015) (The limitations period "on the right to enforce [a] Deed of Trust [begins] running the last time any payment on [a] Note [is] due").

In this case, the Note secured by the first position deed of trust was an installment contract. The Plaintiffs filed for chapter 7 bankruptcy on September 6, 2009 and received a discharge on January 6, 2010. The Plaintiffs did not reaffirm the Note in their bankruptcy. The Plaintiffs have not made a payment on the Note since they filed for bankruptcy. The day the last

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

17

installment payment was due immediately prior to their discharge of personal liability commenced RCW 4.16.040's limitations period.

E. Laches.

The affirmative defense of laches "is an equitable time limitation on a party's right to bring suit, which is derived from the maxim that those who sleep on their rights, lose them." Miller v. Glenn Miller Prod., Inc., 454 F.3d 975, 997 (9th Cir. 2006) (per curiam).

A prima facie case for laches requires a two-fold showing of (1) unreasonable delay by the plaintiff in bringing suit and (2) prejudice to the defendant caused by the delay. Evergreen Safety Council v. RSA Network Inc., 697 F.3d 1221, 1226 (9th Cir. 2012); see Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc., 621 F.3d 981, 989 (9th Cir.2010); see also Kansas v. Colorado, 514 U.S. 673, 687, 115 S.Ct. 1733, 131 L.Ed.2d 759 (1995).

The first prong of the test entails assessment of the length of the delay as well as the reasonableness of the delay. Seller Agency Council, 621 F.3d at 989.

There is no hard and fast rule as to the length of time that will bar a proceeding for an accounting. The determination depends upon the facts of each case and the trial court is vested with large discretion. Matter of Tuott's Estate, 25 Wn.App. 259 (1980).

The 9 year delay in this case is unreasonable and has materially prejudiced the Plaintiffs. The beneficiary of the deed of trust's conduct, in standing by for 9 years, with full knowledge of the circumstances, without foreclosing upon the deed of trust, constitutes laches sufficient to bar their right to do so.

Equity will not lend its aid to the enforcement of stale demands, and, as a general rule, whether or not the defense of laches may be sustained depends upon the circumstances of each case.

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

18

Even where a defendant establishes that a plaintiff delayed unreasonably in filing suit, laches will not bar a claim unless that delay prejudiced the defendant. Grand Canyon Trust v. Tucson Elec. Power Co., 391 F.3d 979, 988 (9th Cir. 2004).

Two types of prejudice can give rise to laches: expectations-based prejudice and evidentiary prejudice.

The court recognizes generally two forms of prejudice in a laches context: evidentiary and expectations-based. Evidentiary prejudice includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded, or who have died.

Expectations-based prejudice occurs when a defendant "took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly." Evergreen Safety Council.

The 9 delay here has caused evidentiary prejudice in that there are numerous alleged negotiations of the note and assignments of the deed of trust to companies that have filed bankruptcy or otherwise no longer exist, untold number of employees who can no longer be located or have no knowledge or memory of the transactions or other components of the case.

The Plaintiffs have suffered detriment by reason of the delay. Over the past 9 years they have incurred SRA HOA dues in the current amount of $16,200 and the PVA dues in the current amount of $5,200, both of which continue to accrue assessments, interest, and late fees. They have paid over $5,000 to the City of Blaine for water service to avoid having another lawsuit filed against them. They have paid over $20,000 in attorney fees and costs associated with trying to resolve this matter and now owe much more.

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

19

In this case, viewing the facts in the light most favorable to the Defendants, there are no genuine issues as to any material fact, and the Plaintiffs are entitled to judgment as a matter of law. The doctrine of laches may be invoked independently of any statute of limitations.

F. Attorney Fees.

Special statutory authority exists in Washington which provides "[t]he record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien. RCW 7.28.300.

Parties in Washington may recover attorney fees if a statute, contract, or recognized ground of equity authorizes the award. RCW 4.84.330; LK Operating, LLC v. Collection Grp., LLC, 181 Wn.2d 117, 123 (2014).

V. CONCLUSION

In this case there are no genuine issues as to any material fact and the Plaintiffs are entitled to judgment as a matter of law. The Plaintiffs own real property upon which two loans were secured by recorded deeds of trust. The Plaintiffs responsibility for the two loans and deeds of trust were discharged in their bankruptcy on January 6, 2010. The Plaintiffs did not reaffirm the loans or deeds of trust in their bankruptcy proceeding. The holders of the two deeds of trust failed to bring an action to enforce the deed of trust within the statute of limitations under Washington law. The Plaintiffs are entitled to judgment quieting title in the real property at issue herein.

In this case the promissory notes and the deeds of trust provide for an award of attorney fees and costs associated with their enforcement. The Plaintiffs are entitled to an award of attorney fees and costs under both promissory notes and both deeds of trust.

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

20

This conclusion is consistent with the fundamental goal of the bankruptcy code to give an honest but unfortunate debtor a fresh start, the goal of statutes of limitations and laches "to eliminate the fears and burdens of threatened litigation and to protect the defendant against stale claims."

Date: 10/24/2018          /s/ *Steven C. Hathaway*
                        Steven C. Hathaway, WSBA # 24971
                        Attorney for Plaintiffs
                        3811 Consolidation Avenue
                        Bellingham, WA 98229
                        (360) 676-0529
                        shathaway@expresslaw.com

## CERTIFICATE OF SERVICE

I certify on the date indicated below I caused a copy of the foregoing document to be filed with the clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send email notification of such filing to the attorneys of record.

I affirm under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

Signed October 24, 2018, at Bellingham, Washington.

By:     /s/ *Steven C. Hathaway*
           Steven C. Hathaway, WSBA # 24971
           shathaway@expresslaw.com
           3811 Consolidation Avenue
           Bellingham, WA 98229
           (360) 676-0529
           Attorney for Plaintiffs Ray Hoffman and Pat Hoffman

PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. 17-cv-01062-JLR

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE (360) 676-0529
FAX (360) 676-0067

21