UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAY E. HOFFMAN, et al.,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>PENNYMAC HOLDINGS, LLC,<br><br>　　　　　　Defendant. | CASE NO. C17-1062JLR<br><br>ORDER DENYING PLANITIFFS'<br>MOTION FOR SUMMARY<br>JUDGMENT AND GRANTING<br>DEFENDANT'S MOTION FOR<br>JUDICIAL NOTICE |

## I.　INTRODUCTION

Before the court are: (1) Plaintiffs Ray E. Hoffman and Patricia L. Hoffman's (collectively, "the Hoffmans") motion for summary judgment (MSJ (Dkt. # 26)), and (2) Defendant PennyMac Holdings, LLC's ("PennyMac") motion for the court to take judicial notice of certain documents filed in response to the Hoffmans' motion (MJN (Dkt. # 34)). PennyMac opposes the Hoffmans' motion for summary judgment. (*See* Resp. (Dkt. # 33).) The Hoffmans did not file a reply in support of their motion and did not file an opposition to PennyMac's motion for judicial notice. (*See generally* Dkt.)

The court has reviewed the motions, the parties' submissions related to the motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES the Hoffmans' motion for summary judgment and GRANTS PennyMac's motion for the court to take judicial notice of certain documents.

## II. BACKGROUND

On or about April 7, 2006, the Hoffmans executed a promissory note ("the Note") for a $568,000.00 loan from lender Homecomings Financial Network, Inc. ("Homecomings").[2] (Morton Decl. (Dkt. # 35) ¶ 4, Ex. A (attaching a copy of the Note).) A senior Deed of Trust, dated April 7, 2006, secures the Note and is recorded against the real property located at 5612 Sandpiper Lane, Blaine, Washington 98230 ("the Property"). (*Id.* ¶ 5, Ex. B.) The Hoffmans also executed a second note for a subordinate junior loan in the amount of $100,000.00, the repayment of which is secured by a second position Deed of Trust recorded against the Property. (*Id.* ¶ 6, Ex. C.)

On or about September 22, 2016, the Note was assigned to PennyMac, and PennyMac is the current holder of the Note and the beneficiary under the senior Deed of Trust. (*Id.* ¶ 9, Ex. F.) Nonparty PennyMac Loan Services, LLC ("PMLS") presently services the Note. (*Id.* ¶¶ 1, 8, Ex. E.) Prior servicers of the Note include Bank of

---

[1] No party requested oral argument on either motion, and the court determines that oral argument would not be of assistance in deciding the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The Hoffmans originally named Homecomings as a defendant in this suit. (*See* Compl. (Dkt. # 1-1) ¶ 1.3.) However, the court dismissed Homecomings, whose successor in interest is E*Trade, in a stipulated order dated October 17, 2018. (*See* Stip. Order (Dkt. # 25) at 1 (dismissing E*Trade, as successor in interest to Homecomings, with prejudice).) Accordingly, the only defendant remaining in this action is PennyMac.

America, N.A. ("BANA") and BAC Home Loan Servicing, LLC ("BAC"). (*Id.* ¶¶ 3, 7, Ex. D.)

In September 2009, Plaintiffs filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Washington. (*See* MJN, Ex. A; *see also* Compl. ¶ 3.7.) The bankruptcy court entered a Chapter 7 discharge on January 6, 2010. (*See* MJN, Ex. B; Compl. ¶ 3.7.) The Hoffmans admit that the last payment they made on the Note was in May 2009. (MSJ at 3 ("The [Hoffmans] made monthly payments on the $568,000[.00] loan through May, 2009. [They] did not make the June 1, 2009[,] payment or any payment since then.").)

On June 2, 2017, the Hoffmans filed this suit in Superior Court for the State of Washington in Whatcom County. (*See* Compl.) In their complaint, the Hoffmans allege a single claim for quiet title on the Property. (*See id.*) The Hoffmans allege that PennyMac's ability to foreclose on the Deed of Trust is barred by the six-year statute of limitations under Washington law. (*See id.*) Specifically, they allege that their January 6, 2010, Chapter 7 discharge in bankruptcy commenced the running of the statute of limitations to foreclose on the Property, and PennyMac subsequently failed to foreclose within the six-year statutory period. (*See id.* ¶¶ 3.7-3.16.)

On October 24, 2018, the Hoffmans filed the present motion for summary judgment. (*See* MSJ.) The Hoffmans assert three arguments. First, they argue that the Deed of Trust is unenforceable because the "Note has been [s]plit from the Deed of Trust" and PennyMac lacks the authority to foreclose. (*Id.* at 16-17.) Second, they argue that the six-year statute of limitations has run on the Deed of Trust rendering it

unenforceable. (*Id.* at 17-18.) Finally, they argue that the doctrine of laches bars PennyMac's enforcement of the Deed of Trust because PennyMac unreasonably delayed foreclosure proceedings in a manner that unduly prejudiced the Hoffmans. (*Id.* at 18-20.)

PennyMac responds that the Hoffmans failed to file any competent evidence in support of their motion and that the court should deny the motion on this ground alone. (Resp. at 11-13.) PennyMac also argues that genuine disputes of material fact exist as to whether the statute of limitations on foreclosure was (1) tolled by the commencement of two non-judicial foreclosures on the Property (*id.* at 13-15), and (2) equitably tolled by the Hoffmans' repeated requests between 2011 and 2017 for PennyMac to accept various alternatives to foreclosure, including short sales of the Property and a deed in lieu of foreclosure (*id.* at 15-18). PennyMac also argues that it has the authority to foreclose on the Deed of Trust because it is the holder of the Note, which is endorsed in blank. (*Id.* at 21-23.) Finally, PennyMac maintains that the doctrine of laches is inapplicable in the present circumstances. (*Id.* at 23.)

The court now considers the parties' motions.

### III. ANALYSIS

**A. Summary Judgment Standard**

Summary judgment is appropriate if the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49).

**B.     Plaintiffs' Evidence in Support of Summary Judgment**

PennyMac objects to the evidence the Hoffmans present in support of their motion for summary judgment. First, PennyMac objects that the declarations of Mr. Hoffman and Chuck Occhiogrosso are not admissible because neither of these witnesses attest to their statements in the manner required under 28 U.S.C. § 1746. (Resp. at 12-13; *see also* Occhiogrosso Decl. (Dkt. # 27); Occhiogrosso Praecipe (Dkt. # 31) (attaching signature); Am. Hoffman Decl. (Dkt. # 29); Am. Hoffman Praecipe (Dkt. # 32) (attaching signature).) Second, PennyMac objects to the unauthenticated documents that the Hoffmans attach to their motion. (Resp. at 11; *see also* MSJ, Exs. 1-15 (Dkt. ## 26-1 - 26-15).) The court now considers both objections.

    1.     <u>The Declarations</u>

PennyMac objects to the court's consideration of either Mr. Hoffman's or Mr. Occhiogorsso's declaration. (*Id.* at 12-13.) "In ruling on a motion for summary judgment, a court may substitute an unsworn declaration for a sworn affidavit if the declaration complies with 28 U.S.C. § 1746. But such documents must be based on 'personal knowledge' and must be 'subscribed by' the declarant." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (quoting Fed. R. Civ. P. 56(e) and 28 U.S.C. § 1746). To satisfy 28 U.S.C. § 1746, a declaration must include a statement "in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty

of perjury that the foregoing is true and correct.'" *See* 28 U.S.C. § 1746(2). A declaration need only "substantially comply with the statute's suggested language" for the court to consider the declaration as evidence. *Commodity Futures Trading Comm'n v. Topworth Int'l., Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999) (internal quotation marks omitted). Substantial compliance requires the declarant to make two assertions in the declaration: (1) that the statements in the declaration are made "under penalty of perjury," and (2) "that the contents [a]re true and correct." *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995); *see also Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("[Section 1746] . . . permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made 'under penalty of perjury' and verified as 'true and correct.' [The declarant] never declared her statement to be true and correct; therefore, her affidavit must be disregarded as summary judgment proof.") (footnote omitted).

  Mr. Hoffman's amended declaration states: "I have read our motion summary for judgment and declare under penalty of perjury that all the factual statements contained therein are true and correct to the best of my knowledge, information and belief and I adopt those statements in addition to my statements herein as my testimony." (Am. Hoffman Decl. at 7.) Similarly, Mr. Occhiogrosso's declaration states: "I declare under penalty of perjury that all the factual statements contained in the attached emails and all the factual statements contained herein are true and correct to the best of my knowledge, information and belief and I adopt them as my testimony." (Occhiogrosso Decl. at 6.) Both of these declarants fail to attest that the contents of their respective declarations are

true and correct under penalty of perjury. Instead, they declare that the contents of their declarations are "true and correct to the best of [their] knowledge, information and belief." (Am. Hoffman Decl. at 7; Occhiogrosso Decl. at 6.)

Numerous courts have found the type of language used in Mr. Hoffman's and Mr. Occhiogrosso's declarations to be not in substantial compliance with 28 U.S.C. § 1746. *See, e.g.*, *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991), *aff'd*, 508 U.S. 49 (1993) ("Because [the] declaration is not based on personal knowledge, but on information and belief, [the declarant's] statement does not raise a triable issue of fact . . . .") (citing *Taylor v. List*, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989)); *United States v. James*, 61 F.3d 913 (9th Cir. 1995) (concluding that a declaration of counsel "who testified on information and belief" "was of no evidentiary value"); *Satterwhite v. Dy*, No. C11-528 RAJ, 2012 WL 748287, at *2 (W.D. Wash. Mar. 5, 2012) (striking declarations because "they do not attest that their statements are true and correct as required by 28 U.S.C. § 1746," but rather attest "that the above is accurate to the best of [the declarant's] knowledge and belief"); *Cobell v. Norton*, 310 F. Supp. 2d 77, 85 (D.D.C. 2004) (concluding that declaration "based on nothing more than "knowledge, information, and belief" did not satisfy the requirements of 28 U.S.C. § 1746 and would not, therefore, be considered); *Wash. Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) (concluding that statements in declaration based on "information and belief" are insufficient to support summary judgment). Based on this authority, the court concludes that neither Mr. Hoffman's nor Mr. Occhiogrosso's declarations meet the requirements of 28 U.S.C. § 1746.

Accordingly, the court will not consider either declaration in support of the Hoffman's motion for summary judgment.[3]

2. The Unauthenticated Documents Appended to the Hoffmans' Motion

PennyMac also objects to the court's consideration of the various documents that the Hoffmans append to their memorandum.[4] (*See* Resp. at 11; *see also* MSJ, Exs. 1-15.) Unauthenticated documents lacking a proper foundation cannot be considered on a motion for summary judgment. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987). To be considered by the court, "documents must be authenticated by and attached to an affidavit that meets the requirements of [Rule] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Id.*; *see also* 10A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2722 at 58-60 (2d ed. 1983). The Hoffmans provide no evidentiary foundation or authentication for the documents they append to their motion; neither do they request that the court take judicial

---

[3] The court assumes that Mr. Hoffman intended his amended declaration to replace the initial declaration that he filed. (*Compare* Hoffman Decl. (Dkt. # 28), *with* Am. Hoffman Decl.) To the extent, however, that Mr. Hoffman intended the court to consider both his initial and his amended declaration in support of the summary judgment motion, the court declines to do so. Mr. Hoffman's initial declaration suffers from the same 28 U.S.C. § 1746 defect as his amended declaration. (*See* Hoffman Decl. at 5 (stating, "I have read our motion for summary judgment and declare under penalty of perjury that all of the factual statements contained therein are true and correct to be best of my knowledge, information and belief and I adopt those statement in addition to my statements herein as my testimony").)

[4] In his amended declaration, Mr. Hoffman states that he has "read [the] motion for summary judgment," and he "adopt[s] those statements" in the motion for summary judgment in addition to the statements in his declaration as his testimony. (Am. Hoffman Decl. at 7.) To the extent that this is an attempt to authenticate the documents that the Hoffmans append to their motion for summary judgement, the court rejects it. The court has already concluded that Mr. Hoffman's amended declaration is not admissible for purposes of supporting the Hoffmans' motion because it does not substantially comply with 28 U.S.C. § 1746. *See supra* § III.B.1.

notice of any of the documents.[5]  (*See generally* Dkt.)  Accordingly, the court declines to consider the appended documents for purposes of summary judgment.

In sum, neither the declarations the Hoffmans submit nor the documents they append to their motion are admissible for purposes of ruling on their motion for summary judgment.  Thus, the Hoffmans' motion is entirely lacking in any evidentiary support.  On this ground alone, the court denies their motion.

**C.     PennyMac's Evidence in Opposition to the Hoffmans' Motion**

Even if the declarations the Hoffmans submit and the documents they append to their motion were admissible, the court would still deny the Hoffmans' motion for summary judgment because PennyMac submits evidence that raises triable issues of fact concerning the claims raised in the Hoffmans' motion.

1. <u>PennyMac's Motion for Judicial Notice</u>

Preliminarily, in support of its response, PennyMac asks the court to take judicial notice of:  (1) the Chapter 7 voluntary bankruptcy petition that the Hoffmans filed in the Western District of Washington, and (2) the bankruptcy court's order discharging the Hoffmans in their bankruptcy action on January 6, 2010.  (*See* MJN at 1, Exs. A-B); Fed. R. Evid. 201.  A trial court may take judicial notice of other federal court records and

---

[5] Although the court may have discretion to *sua sponte* take judicial notice of some of the documents appended to the Hoffmans' motion, *see* Fed. R. Evid. 201(c)(1), the court declines to do so here.  The Hoffmans append over 85 pages of exhibits to their motion.  (*See* MSJ, Exs. 1-15.)  The court is not responsible for sifting through those exhibits to determine which ones, if any, may be subject to judicial notice. *Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 987 (9th Cir. 2011) ("As the Seventh Circuit . . . stated aptly: 'judges are not like pigs, hunting for truffles buried in briefs.'") (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) and *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)).

proceedings. *See Reyn's Pasta Bella, LLC. V. Visa USA, Inc.*, 442. F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings from other federal court proceedings as matters of public record); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (stating that a federal court may take judicial notice of proceedings both within and outside of the federal judicial system); *see, e.g.*, *395 Lampe, LLC v. Kawish, LLC*, No. C12-1503RAJ, 2013 WL 12073478, at *7 (W.D. Wash. Feb. 13, 2013) (taking judicial notice of bankruptcy proceeding records). The Hoffmans have not denied the accuracy of the records appended to PennyMac's request for judicial notice. (*See generally* Dkt.) Accordingly, the court grants PennyMac's request and takes judicial notice of these documents.

  2. <u>Tolling of the Limitations Period for Foreclosure</u>

  The Hoffmans assert that the statute of limitations for foreclosing on the Property commenced running on January 6, 2010—the day the bankruptcy court issued an order discharging their Chapter 7 bankruptcy. (*See* Compl. ¶¶ 3.11-3.15; MSJ at 17-18.) PennyMac responds that a genuine dispute of material fact exists regarding whether the statute of limitations on the foreclosure of the Property has expired. (Resp. at 15-18.) PennyMac submits evidence that it commenced two non-judicial foreclosure proceedings on the Property by issuing two Notices of Default to the Hoffmans, via certified mail, in 2013 and 2015, respectively. (*See* Morton Decl. ¶¶ 56-57, Exs. Y-Z.) PennyMac argues that its initiation of foreclosure proceedings through these Notices of Default tolled the statute of limitations for a certain period of time, thus precluding summary judgment in favor of the Hoffmans on this issue. (Resp. at 13-15.)

Washington courts have long recognized that the initiation of non-judicial foreclosure proceedings tolls the statute of limitations on the foreclosure of the subject property. *See Edmundson v. Bank of Am.*, 378 P.3d 272, 277 (Wash. Ct. App. 2016) (tolling of the statute of limitations on foreclosure occurs when a lender advises the borrower of its intent to "resort to the remedies of the Deeds of Trust Act" by sending a written notice of default via certified mail to the borrower); *see also Bingham v. Lechner*, 45 P.3d 562, 568 (Wash. Ct. App. 2002) (stating that a party's "filing of [non-judicial] foreclosure proceedings . . . tolled the statute of limitations"). Indeed, "the statutory limitation period applicable to enforcing payment of a loan is tolled during the duration of a foreclosure proceeding up to 120 days after the original sale date." *Erickson v. Am's Wholesale Lender*, No. 77742-4-I, 2018 WL 1792382, at *4 (Wash. Ct. App. Apr. 16, 2018) (citing *Bingham*, 45 P.3d at 566 and *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 239 P.3d 1148, 1156 (Wash. Ct. App. 2010). Washington courts similarly recognize that multiple incomplete, non-judicial foreclosure proceedings may be counted together to toll the limitations period. *See Erickson*, 2018 WL 1792382, at *4 (combining four notices of trustee's sales to toll the statutory period for a total of over six years); *Fujita v. Quality Loan Serv. Corp. of Wash.*, No. C16-925-TSZ, 2016 WL 4430464, at *2 (W.D. Wash. Aug. 22, 2016) ("Although the entire debt became due on July 16, 2009, the statute of limitations on [the bank's] ability to foreclose was tolled during the pendency of two Notices of Trustee Sale which were ultimately discontinued.") (citing *Bingham*, 45 P.3d at 566-68).

//

Based on the foregoing legal authority, and PennyMac's evidence that it initiated two non-judicial foreclosure actions against the Property, the court concludes that PennyMac has raised a genuine triable factual issue concerning whether the statute of limitations for foreclosing on the Property expired prior to the Hoffmans' filing of this suit. Accordingly, the court denies the Hoffmans' motion for summary judgment based on the expiration of the statute of limitations.[6]

### 3. PennyMac's Authority to Foreclose

In their motion for summary judgment, the Hoffmans argue that PennyMac lacks the ability to foreclose on the Property because PennyMac cannot establish that it is the holder of the Note with the authority to foreclose on the Deed of Trust and that the Note has been split from the Deed of Trust. (*See* MSJ at 12-17.) However, PennyMac submits evidence that the Note is endorsed in blank and that PennyMac is the current holder of the Note and beneficiary of the Deed of Trust. (*See* Morton Decl. ¶¶ 4, 9, Exs. A, F.) Under Washington law, an instrument endorsed in blank becomes payable to the bearer and may be negotiated. RCW 62A.3-205(b). The holder of such a negotiable instrument is the person or entity in possession and that person or entity is entitled to enforce it. *Zalac v. CTX Mortg. Corp.*, No. C12-01474 MJP, 2013 WL 1990728, at *3 (W.D. Wash. May 13, 2013), *aff'd*, 628 F. App'x 522 (9th Cir. 2016) (citing RCW 62A.3-301).

---

[6] PennyMac also argues that the statute of limitations was equitably tolled by the Hoffmans' conduct in repeatedly submitting requests or applications for foreclosure alternatives to their Note servicers from 2011 through 2017. (Resp. at 15-18.) Because the court has ruled that PennyMac raised a triable issue of fact concerning the tolling of limitations period through the initiation of non-judicial foreclosure proceedings, *see supra* § III.C.2., the court need not decide this issue.

Further, when the Note was transferred to PennyMac, the Hoffman's Deed of Trust was transferred with the Note by operation of law. Under Washington law, a deed of trust follows the transfer of debt. *See e.g.*, *Am. Sav. Bank & Trust Co. v. Helgesen*, 116 P. 837, 840 (Wash. 1911), *on reh'g*, 122 P. 26 (Wash. 1912) ("There is no doubt that a mortgage, or any other security given for the payment of a bill or note, passes by a transfer of the bill or note to the transferee."); *Bain v. Metro. Mortg. Group, Inc.*, 285 P.3d 34, 44 (Wash. 2012) ("Washington's deed of trust act contemplates the security instrument will follow the note, not the other way around.") Because PennyMac presents evidence that it is the holder of the Hoffmans' Note, PennyMac's evidence also supports the conclusion that it is the holder of the Deed the Trust as a matter of law and, therefore, entitled to enforce it. Thus, "it follows logically that the noteholder is entitled to enforce both the note and the [deed of trust] by operation of law." *Beck v. U.S. Bank Nat'l Ass'n*, No. C17-0882JLR, 2017 WL 6389330, at *4 (W.D. Wash. Dec. 14, 2017) (citing *Bavand v. OneWest Bank*, 385 P.3d 233, 248-49 (Wash. Ct. App. 2016), *as modified* (Dec. 15, 2016) ("[The bank's] authority to enforce the note and [DOT] arose by operation of law due to the bank's status as holder of the delinquent note.")). Accordingly, PennyMac presents evidence that raises triable issues of fact concerning its ability to enforce both the Note and the Deed of Trust, and the court therefore denies this aspect of the Hoffman's motion.

4. Laches

The Hoffmans argue that PennyMac's ability to foreclose on the Property is barred by the doctrine of laches. (MSJ at 18-20.) "'Laches consists of two elements:

(1) inexcusable delay and (2) prejudice to the other party from such delay.'" *Auto. United Trades Org. v. State*, 286 P.3d 377, 379 (Wash. 2012) (quoting *State ex rel. Citizens Against Tolls v. Murphy*, 88 P.3d 375, 383 (Wash. 2004)). However, "the defense of laches is improperly invoked when both parties are equally at fault in creating the delay." *Brost v. L.A.N.D., Inc.*, 680 P.2d 453, 457 (Wash. Ct. App. 1984). Here, PennyMac submits evidence that the Hoffmans repeatedly submitted requests and applications for foreclosure alternatives to their Note servicers from 2011 through 2017. (*See* Morton Decl. ¶¶ 10-55.) Not only did the Hoffmans submit numerous short sale applications to BAC, BANA, and PMLS during that time period, but they also were in active review for a deed in lieu of foreclosure. (*See id.*) Thus, PennyMac submits evidence that it was the Hoffmans' own actions that induced the delays in the foreclosure process. Based on the foregoing, the court concludes that PennyMac raises a triable issue of fact regarding whether "both parties are equally at fault in creating the delay" of foreclosure on the Property, *see Brost*, 680 P.2d at 457, and therefore the court denies this aspect of the Hoffmans' motion.

## IV. CONCLUSION

Based on the foregoing authorities and analysis, the court DENIES the Hoffmans'

//

//

//

//

//

motion for summary judgment (Dkt. # 26) and GRANTS PennyMac's motion for judicial notice (Dkt. # 34).

Dated this 10th day of December, 2018.

JAMES L. ROBART
United States District Judge